IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:18-00332-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION OF** |
| | ) | **MAGISTRATE JUDGE** |
| Niagra Capital Associates Inc., and unknown parties, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff brought this action on February 6, 2018. (Dkt. No. 1.) By Order dated February 21, 2018, service was authorized on the Defendant. (Dkt. No. 11.) On May 2, 2018, the Summons was returned for Defendant, unexecuted. The return indicated that Defendant's business was no longer at the address listed in the Summons. (Dkt. No. 19.) Service was again authorized by Order dated May 4, 2018, directing the Marshal to expend reasonable investigative efforts to locate the Defendant. (Dkt. No. 21.) A second Summons was then issued to Defendant at a new address. (Dkt. No. 23.) On June 14, 2018, the second Summons was returned for Defendant, again unexecuted. (Dkt. No. 25.) The return indicates the "address is vacant." (Dkt. No. 25.) The requisite 90-day period for service of process under Rule 4(m) of the Federal Rules of Civil Procedure has expired both for the first and second Summons. (*See* Dkt. Nos. 11 and 21.)

Accordingly, it is recommended that this action be dismissed without prejudice for lack of prosecution, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]

IT IS SO RECOMMENDED.

---

[1] Pursuant to Rule 4(m), the Court will extend time for service if Plaintiff shows good cause for the failure to execute the aforementioned Summons. *See* Rule 4(m), Fed. R. Civ. P. No such cause has been shown to date.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 10, 2018

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).